UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARA SIMMONS, as Administrator with Will Annexed of the Estate of ALICE M. CROXFORD, Deceased,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA.,

    Defendant.

Case No. 08-cv-22-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2) for lack of jurisdiction filed by defendant United States of America (Doc. 8). Plaintiff Dara Simmons, administrator with will annexed of the estate of Alice M. Croxford ("Estate"), has responded to the motion (Doc. 10), and the United States has replied to that response (Doc. 11).

**I.    Background**

This is an action under 26 U.S.C. § 7422 for a refund of estate taxes paid by the estate of Alice M. Croxford, who died January 29, 1999. After her death, a dispute arose as to whether certain coins once owned by the decedent had been given away during her lifetime or were properly a part of her estate. On December 20, 1999, the estate filed an application for an extension of time to file an estate tax return and paid the Internal Revenue Service ("IRS") $66,000, the estimated maximum amount that could have been due had the coins been found to have been part of the Estate and valued at the maximum suspected value. The IRS granted a six-month extension for filing the estate tax return to April 19, 2000.

In April 2000, state court litigation over the status of the coins was ongoing, and no timely estate tax return was filed. The state court litigation was finally resolved on June 26, 2003, and the Estate filed an estate tax return (Form 706) on June 28, 2004. In that return, the Estate claimed a refund of $55,639, which the IRS treated as an administrative claim for refund. The IRS disallowed that claim, the Estate exhausted its administrative remedies regarding that decision, and on January 10, 2008, the plaintiff filed this lawsuit seeking a refund of the $55,639.

The United States asks the Court to dismiss this lawsuit for lack of jurisdiction on the basis of sovereign immunity. It argues that the claim for refund was too late to request a refund of the $66,000 December 1999 payment and therefore was not the required timely claim for refund of that payment, a jurisdictional prerequisite for a lawsuit seeking a refund of that payment. *See* 26 U.S.C. § 6511(b).

Not quite addressing the argument raised by the United States, the plaintiff contends that her claim for a refund was timely under 26 U.S.C. § 6511(a) because it was filed within three years of when the June 2004 return was filed. In fact, it was filed at the same time the return was filed, so it was not untimely.

## II.  Analysis

The United States is entitled to sovereign immunity from this suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Mitchell*, 463 U.S. at 212. The consent of the United States to be sued must be strictly interpreted since it is a relinquishment of a sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 590 (1941).

The United States has given its consent to be sued for tax refunds. *See* 28 U.S.C. § 1346(a)(1). It has, however, conditioned the ability to bring such a suit on the plaintiff's filing of a timely claim for a refund:

> **(a) No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*

26 U.S.C. § 7422(a) (emphasis added). A timely filing of a sufficient claim is a jurisdictional prerequisite to a lawsuit for a refund suit. *Nick's Cigarette City, Inc. v. United States*, Case No. 06-3991, 2008 WL 2600792 at *3 (7th Cir. July 2, 2008); *Martin v. United States*, 833 F.2d 655, 658-59 (7th Cir. 1987), *cited with approval in Commissioner v. Lundy*, 516 U.S. 235, 240 (1996).

To be timely, an administrative claim must be filed within three years of when the return was filed or within two years of when the tax was paid, whichever is later. *See* 26 U.S.C. § 6511(a); *Lundy*, 516 U.S. at 240. It must also be within a certain time from the payment sought to be refunded. *See* 26 U.S.C. § 6511(b)(2). For claims filed within three years of the return, like the Estate's claim, the claim must be filed within three years, (plus any extension of time for filing the return) of the payment because only amounts paid in the three years preceding the claim (plus any extension of time for filing) – the "look-back" period – can be refunded pursuant to that claim. *See* 26 U.S.C. § 6511(b)(2)(A); *Baral v. United States*, 528 U.S. 431, 431 (2000); *Lundy*, 516 U.S. at 240. If a claim is filed too long after the payment sought to be refunded – that is, if a payment was not made within the claim's "look-back" period described above – the claim does not comply with § 6511(b)(2)(B) and consequently does not satisfy § 7422(a).

In this case, the Court does not have jurisdiction to hear the plaintiff's claim because there was no claim for a refund within three years and six months of the payment sought to be

refunded. The Estate paid $66,000 in December 1999. Under 26 U.S.C. § 6511(b)(2)(A), that amount could only have been properly sought in a refund claim filed within three years and six months of that payment, but no claim was actually filed until June 2004, well over four years later. To put it another way, the payment sought to be refunded was outside the three year and six month "look-back" period for the June 2004 claim, so that claim was not timely and proper. The United States has not waived sovereign immunity from refund suits based that do not comply with 26 U.S.C. § 7422(a) because their underlying claims were filed too long after the payments sought to be refunded.

The plaintiff misunderstands the United States' argument. She apparently believes the United States is arguing her refund claim was untimely under 26 U.S.C. § 6511(a) because it was filed too long after *the return*. She is right that the refund claim was not untimely under § 6511(a), for it was filed at the same time as the return. The United States is arguing, however, that the claim was untimely under 26 U.S.C. § 6511(b)(2)(A) because it was made too long after *the payment sought to be refunded*, which it clearly was. As the United States points out in its reply, the plaintiff should have filed a protective claim for refund informing the Internal Revenue Service of the ongoing state court litigation over the undecided question.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the United States' motion to dismiss (Doc. 8), **DISMISSES** this case for **lack of jurisdiction** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: July 24, 2008**

                                                s/ J. Phil Gilbert
                                                **UNITED STATES DISTRICT JUDGE**